1
2
3
4
5
6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DERRICK L. JOHNSON, | ) | NO. EDCV 14-1710-GW (JEM) |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER RE: SUMMARY DISMISSAL OF** |
| | ) | **ACTION FOR LACK OF JURISDICTION** |
| KENNETH J. FERNANDEZ, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

On August 18, 2014, Petitioner lodged for filing a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. (Petition at 1.) For the reasons set forth below, the Petition is dismissed without prejudice.

## BACKGROUND

In his Petition, Petitioner challenges the validity of an order issued by the Riverside County Superior Court that "took away child custody, community property, and terminated spousal support jurisdiction." (Petition at 2-3.) Specifically, Petitioner states as follows:

> I have no history of violence towards my ex-wife or children. There is no evidence of abuse in the record. This judgment is from a petition for dissolution of marriage which lacks the domicile requirement. This judgment was based on 2/25/14 prove-up hearing, for which I was not notified. There is no evidence of me transferring community property interest. I have been a resident of Missouri since 2011. [Court Commissioner Kenneth J. Fernandez] filed this judgment on 4/16/14 in Riverside[.]

(<u>Id.</u> at 3.)   Petitioner apparently alleges that Court Commissioner Fernandez's order violated Petitioner's rights under state law.  (<u>Id.</u>)  Petitioner requests that the Court enjoin the enforcement of this order.   (<u>Id.</u>)   There is no indication that Petitioner is or ever has been in custody in connection with the state proceedings at issue.  As best the Court can tell, it seems Petitioner seeks judicial intervention regarding state court proceedings related to marital and child custody issues.

## DISCUSSION

### I.     Standard of Review

Pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts,[1] a district court may summarily dismiss a habeas corpus petition, before the respondent files an answer, "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."   The notes to Rule 4 state: "'a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition.'"  <u>See</u> <u>Boyd v. Thompson</u>, 147 F.3d 1124, 1127-28 (9th Cir. 1998); <u>White v. Lewis</u>, 874 F.2d 599, 602-03 (9th Cir. 1989).

Rule 4 is also applicable and permits summary dismissal when no claim for relief is stated. <u>O'Bremski v. Maass</u>, 915 F.2d 418, 420 (9th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1096 (1991). Summary dismissal is appropriate where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false.  <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990) (quoting <u>Blackledge v. Allison</u>, 431 U.S. 63, 75-76 (1977)).  Because Petitioner has stated no viable basis for relief over which the Court has jurisdiction, the petition is patently frivolous and must be dismissed without prejudice.

### II.    The Court Lacks Subject Matter Jurisdiction Over This Petition

The district court has the power and the duty to raise the adequacy of an applicant's standing to bring suit and the existence of subject matter jurisdiction.  <u>Bernhardt v. County of Los</u>

---

[1] The Rules Governing Section 2254 Cases may be applied to petitions for writ of habeas corpus other than those brought under § 2254 at the Court's discretion.  See Rule 1 of the Rules Governing Section 2254 Cases.  Accordingly, the Court will exercise its discretion in this case and apply the section 2254 rules to the instant habeas petition.

1   Angeles, 279 F.3d 862, 868 (9th Cir. 2002); Benavidez v. Eu, 34 F.3d 825, 830 (9th Cir. 1994).

2   "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss

3   the action." Fed. R. Civ. P. 12(h)(3); Franklin v. Oregon Welfare Div., 662 F.2d 1337, 1342 (9th

4   Cir. 1981).

5       The Court lacks subject matter jurisdiction to entertain the Petition under 28 U.S.C. § 2241

6   or any of the habeas corpus statutes.  28 U.S.C. § 2241 extends to "prisoner[s]" in custody under

7   specified circumstances.  Likewise, under 28 U.S.C. § 2254, a federal court "shall entertain an

8   application for a writ of habeas corpus . . . only on the ground that [the applicant] is in custody in

9   violation of the Constitution or laws or treaties of the United States."  Finally, 28 U.S.C. § 2255

10  permits a habeas petition by a "prisoner in custody under sentence of a court established by Act

11  of Congress claiming the right to be released upon the ground that the sentence was imposed in

12  violation of the Constitution or laws of the United States[.]"  Thus, the applicant must be "in

13  custody" in order to establish subject matter jurisdiction for purposes of habeas review.

14      Here, the Petition alleges that Court Commissioner Fernandez acted without proper

15  authority and/or contrary to law in connection with proceedings related to child custody and

16  domestic relations.  There is no allegation that Petitioner is or has been in custody as a result of

17  these state proceedings, and this type of deprivation does not rise to the level of "custody"

18  required by federal habeas statutes.  See Lehman v. Lycoming County Children's Services, 458

19  U.S. 502, 512-16 (1982) ("extending the federal writ to challenges to state child-custody decisions

20  – challenges based on alleged constitutional defects collateral to the actual custody decision –

21  would be an unprecedented expansion of the jurisdiction of the lower federal courts").

22      It is well established that federal courts should decline jurisdiction in domestic relations

23  cases.  In re Burrus, 136 U.S. 586, 593-94 (1890); Peterson v. Babbitt, 708 F.2d 465, 466 (9th

24  Cir. 1983).  More specifically, habeas corpus jurisdiction does not lie for challenges to state court

25  decisions involving parental rights and child custody.  Lehman, 458 U.S. at 510-12 (declining to

26  extend habeas jurisdiction to a mother's petition challenging a state court's termination of her

27  parental rights, and dismissing the petition); see also Liggins v. Cate, 2011 WL 3425556, at *1-3

28  (C.D. Cal. 2011) (summarily dismissing without leave to amend for lack of jurisdiction petition for

1  writ of habeas corpus seeking judicial intervention regarding petitioner's divorce and child custody

2  proceedings in the state courts); Cartwright v. Youngblood, 2010 WL 2464833, at *1-2 (E.D. Cal.

3  2010) (summarily dismissing habeas corpus petition that challenged a California court decision

4  terminating the petitioner's parental rights).

5      Habeas corpus is a significant interference with state judicial systems and the finality of

6  state court decisions, and habeas review "should be reserved for those instances in which the

7  federal interest in individual liberty is so strong that it outweighs federalism and finality concerns."

8  Lehman, 458 U.S. at 516; see also Roman-Nose v. New Mexico Dep't of Human Servs., 967 F.2d

9  435, 436 (10th Cir. 1992) (state-court judgment involuntarily terminating parental rights cannot be

10  collaterally attacked by way of federal habeas corpus petition); Sylvander v. New England Home

11  for Little Wanderers, 584 F.2d 1103, 1113 (1st Cir. 1978) (same).  Because Petitioner simply

12  challenges the state court's order in domestic relations proceedings, he has failed to state a viable

13  claim for habeas relief.

14  **III.  Petitioner Has Failed to State a Viable Cause of Action Under 42 U.S.C. § 1983**

15      Pro se complaints are liberally construed.  Estelle v. Gamble, 429 U.S. 97, 106 (1976);

16  Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, when a pro se litigant labels a complaint

17  seeking relief from alleged constitutional violations as a habeas corpus petition, a court may

18  consider it as a civil rights action.  Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (per curiam),

19  superceded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84

20  (2006); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974); Galligher v. McCarthy, 470 F.2d

21  740, 741 (9th Cir. 1972).  Here, the Petition does not allege any constitutional violations.

22      In any event, even if Petitioner challenged Court Commissioner Fernandez's order based

23  on federal constitutional claims that could be construed as arising under 42 U.S.C. § 1983, it

24  would still fail to state a claim over which this Court has jurisdiction.  The Rooker-Feldman

25  doctrine leaves this Court without jurisdiction to grant relief for any harms suffered by Petitioner

26  as a result of the Riverside County Superior Court's order, since granting any such relief would

27

28

4

1  require this Court to review that order.[2]  The Rooker-Feldman doctrine is applicable to "cases

2  brought by state-court losers complaining of injuries caused by state-court judgments rendered

3  before the district court proceedings commenced and inviting district court review and rejection

4  of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

5  The doctrine "prohibits a federal district court from exercising subject matter jurisdiction over a suit

6  that is a de facto appeal from a state court judgment."  Kougasian v. TMSL, Inc., 359 F.3d 1136,

7  1139 (9th Cir. 2004).  A de facto appeal exists when "a federal plaintiff asserts as a legal wrong

8  an allegedly erroneous decision by a state court, and seeks relief from a state court judgment

9  based on that decision."   Noel v. Hall, 341 F.3d 1148, 1163 (9th Cir. 2003).

10      If "a federal plaintiff seeks to bring a forbidden de facto appeal, . . . that federal plaintiff may

11  not seek to litigate an issue that is 'inextricably intertwined' with the state court judicial decision

12  from which the forbidden de facto appeal is brought."  Noel, 341 F.3d at 1158.  A federal claim

13  is inextricably intertwined with a state court decision if its success depends upon a determination

14  that the state court wrongly decided the issue before it.  Reusser v. Wachovia Bank, N.A., 525

15  F.3d 855, 859 (9th Cir. 2008).  Thus, the Ninth Circuit has found claims inextricably intertwined

16  where "'the relief requested in the federal action would effectively reverse the state court decision

17  or void its ruling.'"  Fontana Empire Ctr., LLC v. City of Fontana, 307 F.3d 987, 992 (9th Cir. 2002)

18  (quoting Charchenko v. City of Stillwater, 47 F.3d 981, 983 (8th Cir. 1995)); see also Cooper v.

19  Ramos, 704 F.3d 772, 779 (9th Cir. 2012).

20      Here, Petitioner alleges that Court Commissioner Fernandez's order is erroneous and

21  should be enjoined.  These allegations constitute a de facto appeal from the state court order and

22  any claim that the challenged order violated Petitioner's constitutional rights would be "inextricably

23

24

---

25      [2] The Rooker-Feldman doctrine recognizes that federal courts generally lack subject matter jurisdiction
26  to review state court judgments.  See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476
    (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923); Doe v. Mann, 415 F.3d 1038, 1041 (9th Cir.
27  2005), cert. denied, 547 U.S. 1111 (2006); Fontana Empire Center, LLC v. City of Fontana, 307 F.3d 987,
    992 (9th Cir. 2002).  On the other hand, the federal court has jurisdiction over general constitutional
28  challenges that do not require review of a final state court decision in a particular case.  Doe & Assocs.
    Law Offices v. Napolitano, 252 F.3d 1026, 1029 (9th Cir. 2001).

intertwined" with the prior state court decision.[3]  See Noel, 341 F.3d at 1158; see also Bianchi v. Rylaarsdam, 334 F.3d 895, 900 n. 4 (9th Cir. 2003) (under the Rooker-Feldman doctrine, "[i]t is immaterial that [the plaintiff] frames his federal complaint as a constitutional challenge to the state courts' decisions, rather than as a direct appeal of those decisions").  The Petition should be dismissed without prejudice.

## ORDER

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed without prejudice for lack of jurisdiction.  See Rule 4; Local Rule 72-3.2.


Dated this 17th day of September, 2014.

_George H. Wu_

_____
GEORGE H. WU
UNITED STATES DISTRICT JUDGE




Presented by:

   _/s/ John E. McDermott_____
John E. McDermott
United States Magistrate Judge

_____

   [3]  Even if Petitioner's state court proceedings remain pending, the Court could not consider any claim that Court Commissioner Fernandez's order violated Petitioner's constitutional rights because abstention under Younger v. Harris, 401 U.S. 37 (1971), would be appropriate.